Nos. 15-8126, 15-8134

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

STATE OF WYOMING; STATE OF COLORADO; INDEPENDENT
PETROLEUM ASSOCIATION; and WESTERN ENERGY ALLIANCE,

Petitioners-Appellees

and

STATE OF NORTH DAKOTA; STATE OF UTAH; and UTE INDIAN TRIBE,

Intervenors-Appellees

v.

S.M.R. JEWELL; NEIL KORNZE; U.S. DEPARTMENT OF THE INTERIOR;
and U.S. BUREAU OF LAND MANAGEMENT,

Defendants-Appellants

and

SIERRA CLUB; EARTH WORKS; WESTERN RESOURCE ADVOCATES;
WILDERNESS SOCIETY; CONSERVATION COLORADO EDUCATION
FUND; and SOUTHERN UTAH WILDERNESS ALLIANCE,

Intervenors-Appellants

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF WYOMING, NOS. 15-CV-41/43 (HON. SCOTT W. SKAVDAHL)

**APPELLANTS' JOINT MOTION TO EXPEDITE ARGUMENT AND
CONSIDERATION OF PRELIMINARY-INJUNCTION APPEAL**

Federal Defendants-Appellants and Intervenor-Appellants hereby move for

expedited oral argument and consideration of the merits of this preliminary-injunction

appeal. Fed. R. App. P. 2, 27; Circuit Rule 2.1. The district court issued a nationwide

preliminary injunction prohibiting the U.S. Bureau of Land Management ("BLM")

from enforcing any aspect of its recently promulgated rule governing hydraulic fracturing on federal and Indian lands. 80 Fed. Reg. 16,128 (Mar. 26, 2015). The Solicitor General of the United States has authorized BLM to appeal.

BLM's rule, which was scheduled to go into effect last year, is the product of many years of public engagement, scientific study, and technical development. Due to the injunction, BLM has not been able to effectuate any of the rule's provisions, which seek to mitigate risks to other resources posed by hydraulic fracturing on federal and Indian lands. BLM and the public have a strong interest in prompt resolution of this appeal. Appellants therefore respectfully request the Court to place this case on the May oral-argument calendar or otherwise expedite oral argument and consideration of the merits of this appeal.

Undersigned counsel have conferred with counsel for Appellees on this motion. All Appellees oppose this motion.

## BACKGROUND

Hydraulic fracturing is one type of "[w]ell stimulation technique" used by oil and gas operators. 80 Fed. Reg. at 16,130. "Hydraulic fracturing involves the injection of fluid under high pressure to create or enlarge fractures in the reservoir rocks." *Id.* at 16,131. BLM estimates that about 90 percent of wells drilled on federal and Indian lands in 2013 were hydraulically fractured. *Id.*

From 2010 through 2012, BLM hosted multiple public forums and tribal consultation sessions to solicit input on issues surrounding hydraulic fracturing. *Id.* at 16,131-32. BLM published an initial proposed rule on May 11, 2012, 77 Fed. Reg. 27,691, and a supplemental proposed rule on May 24, 2013, 78 Fed. Reg. 31,636. BLM ultimately received and considered about 1.5 million public comments on the rule. 80 Fed. Reg. at 16,131. The final rule was published on March 26, 2015, and was scheduled to become effective on June 24, 2015. *Id.* at 16,128.

The rule updates BLM's preexisting regulations governing hydraulic fracturing on federal and Indian lands. *See* 43 C.F.R. § 3162.3-2(a)-(b) (2014); *see also id.* § 3162.5-1 to .5-2. The updated rule requires oil and gas operators on federal and Indian lands to submit information to BLM and obtain a permit before beginning fracturing operations; to follow modern design and testing standards to ensure wellbore integrity and protect usable water; to properly manage fluids that flow back to the surface to avoid spills; and to disclose chemicals used in the fracturing process, subject to a process for withholding proprietary information. 80 Fed. Reg. at 16,129-30, 16,217-22.

Petitioners-Appellees challenged the rule in the U.S. District Court for the District of Wyoming. On September 30, 2015, the district court entered a nationwide preliminary injunction of the entire rule. (*See* Order 54 & n.52.) The district court held that Petitioners are likely to succeed on their claim that BLM lacks authority to regulate hydraulic fracturing on federal and Indian lands. (Order 8-22.) The court

3

also held that the rule is arbitrary and capricious because BLM did not identify substantial evidence to support the existence of a risk to groundwater from hydraulic fracturing.  (Order 22-27.)  The court ruled that BLM had not adequately explained three of the rule's requirements (Order 28-36), and had not complied with its own tribal-consultation policy (Order 36-39).  After evaluating irreparable harm, the balance of the equities, and the public interest, the court issued a nationwide preliminary injunction of the entire rule.  (Order 39-54 & n.52.)

Appellants timely filed notices of appeal on November 27 and December 10, 2015.  Fed. R. App. P. 4(a)(1)(B), 4(a)(3).  Appellants' opening briefs will show that the district court committed legal errors and otherwise abused its discretion in preliminarily enjoining the rule.  *See Aid for Women v. Foulston*, 441 F.3d 1101, 1115 (10th Cir. 2006); *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003).  Appellants will file their opening briefs as scheduled on February 16, 2016.  Appellees' answering briefs are due March 17, 2016, and Appellants' reply briefs are due March 31, 2016.  Oral argument has not yet been scheduled, and the Clerk's Office informs undersigned counsel that the May oral-argument calendar has not yet been filled.

## ARGUMENT

This Court may expedite an appeal for "good cause."  *See* Fed. R. App. P. 2; Circuit Rules 2.1; *see also* Practitioner's Guide to the U.S. Court of Appeals for the Tenth Circuit, Ninth Revision, § VIII.B. (Jan. 2015) (noting that "special cases receive

priority" for oral-argument calendaring).  This Court has afforded expedited review to the grant or denial of a preliminary injunction.  *See, e.g.*, *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1125 (10th Cir. 2013) (en banc); *Salt Lake Tribune Pub. Co. v. AT&T Corp.*, 320 F.3d 1081, 1085 (10th Cir. 2003); *Utahns For Better Transp. v. U.S. Dep't of Transp.*, No. 01-4216, 2001 WL 1739458, at *5 (10th Cir. Nov. 16, 2001); *Roberts v. Colo. State Bd. of Agric.*, 998 F.2d 824, 826 (10th Cir. 1993).  Other circuits also regularly afford preliminary-injunction appeals expedited review.  *See* Sixth Circuit Rules 31(c)(2)(A), 34(c)(2); Ninth Circuit Rules 3-3, 34-3.[1]

This preliminary-injunction appeal similarly warrants expedited review.  The district court enjoined an important federal regulation that took years to develop and was scheduled to go into effect in June of 2015.  80 Fed. Reg. at 16,128.  As explained in the preamble to the rule, BLM aimed to address a number of resource risks posed by hydraulic-fracturing operations on federal and Indian lands, including potential groundwater contamination, interference with other wells, leakage of fracturing chemicals, and surface spills of recovered fluids.  *See id.* at 16,128-31, 16,137, 16,148-49, 16,152-54, 16,160-64, 16,167, 16,179-80, 16,182, 16,188-89, 16,193-95, 16,203-04.

---

[1] *See also Grace Sch. v. Burwell*, 801 F.3d 788, 796 (7th Cir. 2015); *League of Women Voters v. N. Carolina*, 769 F.3d 224, 235 (4th Cir. 2014); *Libertarian Party of Ohio v. Husted*, 751 F.3d 403, 412 (6th Cir. 2014); *AngioDynamics, Inc. v. Biolitec AG*, 711 F.3d 248, 249 (1st Cir. 2013); *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 267 (5th Cir. 2012); *Dex Media W., Inc. v. City of Seattle*, 696 F.3d 952, 955 (9th Cir. 2012); *United States v. NCR Corp.*, 688 F.3d 833, 835 (7th Cir. 2012); *Pope v. Cty. of Albany*, 687 F.3d 565, 568-69 (2d Cir. 2012).

The district court's nationwide injunction of the rule has entirely deprived BLM of the tools that it deemed necessary to manage those risks.

BLM also has a strong interest in prompt review of its authority to regulate hydraulic-fracturing operations on federal and Indian lands. The district court's conclusion that BLM lacks such authority potentially impacts approximately 756-million subsurface acres of mineral estate owned or held in trust by the federal government. *Id.* at 16,129. Hydraulic fracturing is occurring on 90 percent of the wells drilled on federal and Indian lands. *Id.* at 16,131. Due to the nationwide injunction, BLM presently is unable to set the terms and conditions for developing those resources. The district court's ruling thus substantially impairs BLM's ability to fulfill its statutory mandate to ensure the proper conduct of oil and gas operations on federal and Indian lands. *See* 30 U.S.C. §§ 187, 189; 43 U.S.C. §§ 1732(a)-(b), 1740; 25 U.S.C. §§ 396, 396d, 2107.

The public also has a strong interest in expedited review of this appeal. The rule is the product of a massive, multiyear public outreach effort. The public ultimately submitted about 1.5-million comments, many of which supported the rule or wished it to be more protective of the environment. 80 Fed. Reg. at 16,131-32. Given the especially high level of public engagement and concern with this rulemaking and hydraulic fracturing in general, there is good cause for affording priority review to this appeal.

Expediting oral argument and consideration of the merits of this preliminary-injunction appeal will not prejudice Appellees.  This motion does not seek to shorten Appellees' time to prepare and file their answering briefs.  Nor does this motion ask the Court to lift the preliminary injunction during the pendency of this appeal.  This motion simply requests the Court to place this case on the May oral-argument calendar or otherwise expedite oral argument and disposition of this appeal to ensure prompt resolution of the important issues involved.

Respectfully submitted,

s/ *Nicholas A. DiMascio*
NICHOLAS A. DIMASCIO
*Attorney, Appellate Section*
*U.S. Department of Justice*
*Environment and Natural Res. Div.*
*999 18th Street, Suite 370*
*Denver, CO  80202*
*(303) 844-1384*

MICHAEL S. FREEMAN
*Counsel for Intervenor-Appellants*
*Earthjustice*
*633 17th Street, Suite 1600*
*Denver, CO  80202*
*(303) 623-9466*

FEB. 8, 2016
*90-5-1-4-20425*

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing

## MOTION

(1) all required privacy redactions have been made;

(2) if required to file additional hard copies, that the ECF submission is an exact copy of those documents;

(3) the digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, Microsoft Forefront Client Security Version 4.8.204.0, Antivirus definition 1.213.5613.0, dated February 8, 2016, and according to the program are free of viruses.

s/ *Nicholas A. DiMascio*
NICHOLAS A. DIMASCIO

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2016, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit using the appellate CM/ECF system.

The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

s/ *Nicholas A. DiMascio*
NICHOLAS A. DIMASCIO
